Hamlin *v.* Bridge.

LOT HAMLIN & *al. versus* ELIZA JANE BRIDGE & *al.*

If a woman conveys her estate to a third person, in trust, for her own use, and then marries, the conveyance is fraudulent and void as to her prior creditors.

The bankruptcy of the husband does not take away the right of a creditor of the wife before the coverture to look to her property, fraudulently conveyed, for the payment; nor does his discharge as a bankrupt, destroy the right to enforce the debt against the property of the wife.

Where a bill in equity is brought against a married woman, with the view of obtaining payment of a debt contracted by her before her marriage, from her property fraudulently conveyed while sole, still the husband, although a certified bankrupt, should be joined as a party.

THIS was a bill in equity, and was heard on a demurrer to the bill. The facts are sufficiently stated in the opinion of the Court.

*M' Cobb* argued in support of the demurrer, citing 11 Wheat. 199; 8 Wheat. 299; 5 Law Reporter, 309; 1 Mass. R. 282; 1 Burr. 436; 1 P. Wms. 244; 7 Ves. 249; 1 Story's Eq. 14, 15, 68, 69, 70, 72; 2 Story's Eq. 735; 2 Ves. 145; Story's Eq. Pl. 62, 64.

*Lancaster* argued for the plaintiff, citing 2 Kent, 162, 163.

The opinion of the Court was drawn up by

TENNEY J. — The bill charges, that Mary Jane Bridge, while sole, being indebted to the complainants, for labor done upon her house, for the purpose of securing it to her own use, transferred, in trust for her, to the other defendant, real estate, including said house and personal property of which she was then possessed; and which he received, and much thereof still retains; that this transfer was made in contemplation of her marriage with William Bridge, who soon after became her husband; that this was in fraud of the plaintiffs' rights; that since the marriage, Bridge has obtained his certificate of discharge as a bankrupt; and that the complainants have been unable to obtain payment of their debt. To this bill the defendants demur.

The conveyance by Mary Jane Bridge of the property pre-

vious to her marriage, as alleged in the bill, was a fraud upon the complainants; and they could have taken that property, so far as it was not exempt from attachment, on mesne process and execution for her debts, notwithstanding such transfer. By the marriage, Bridge did not become the owner of that property, and it could not be assets in the hands of his assignee; if he became liable for her debts by the marriage, that did not take from her creditors the right to look to her separate property fraudulently transferred. There must be some unyielding principle presented, before we can believe, that property thus situated is protected for the use of the debtor, merely because she has chosen to intermarry with a man who is insolvent, and afterwards obtains his discharge in bankruptcy. We have seen no such principle. The case cited from Peere Williams, of *Miles* v. *Williams*, does not appear analogous. There is nothing showing that there was separate property of the wife, which she had fradulently conveyed, so that all she had was not assets of the husband.

Another ground of demurrer urged in the argument for the defendant is, that the husband of Mary Jane Bridge is improperly omitted in the bill. It is laid down as a rule, that in cases respecting her separate estate, the wife may be sued without her husband, though he is ordinarily required to be joined for the sake of conformity to the rule of law, as a nominal party, whenever he is within the jurisdiction of the Court and can be made a party. 2 Story's Eq. 598. In *Dubois* v. *Hale*, 2 Vern. 613, the wife had before marriage conveyed an estate to trustees, so that her husband should not meddle with it. Part of it was claimed by the plaintiff in the bill. The husband was abroad. She was served with a subpœna, and afterwards arrested on attachment. The Court said, if the case is as laid in the bill, the wife had a separate capacity, and the husband had nothing to do with the estate, and rather than there should be a failure of justice, the process was held regular against her alone, her husband being beyond sea. In Fonblanque's Eq. Book I, c. 2, § 6, note (p), the author says, " I have not been able to find any case at law or in equity in

which she [*feme covert*] has been allowed to sue or be sued by a stranger, merely in respect to her separate property, without her husband being plaintiff or defendant." In 1 Com. on Eq. Plead. § 64, note, Judge Story says, in reference to *Regnes* v. *Lewis,* 1 Ch. Cas. 35, "where a *feme covert* sued without her husband, and a demurrer for that cause was overruled, the circumstances of the case do not appear; and the husband may have been a party defendant, as his interest was concerned."

In the case before us, it does not appear, that William Bridge is not residing within the jurisdiction of the Court, or that he has any interest in the matter adverse to that of his wife, and we think he should have been joined with her. Unless the bill is amended in this particular, it must be dismissed.